LeDUC *v.* SCHNEPP.

1. Replevin—Evidence—Directed Verdict.
   In replevin to recover possession of blueberries claimed to have been picked on land in which plaintiff claimed the berry rights, evidence showing that defendant in regular course of business purchased the berries from pickers who had also picked on lands in which plaintiff had no rights entitled defendant to directed verdict, in absence of proof as to what portion, if any, of the berries came from lands in which plaintiff claimed the berry rights.

2. Same—Owner Entitled to Recover Value.
   One purchasing blueberries from pickers in regular course of business is *prima facie* the *bona fide* owner, in absence of evidence to the contrary, and therefore is entitled to recover their value from one who wrongfully replevined them.

Error to Chippewa; Runnels (Herbert W.), J. Submitted January 15, 1930. (Docket No. 24, Calendar No. 34,352.) Decided March 6, 1930. Rehearing denied April 24, 1930.

Replevin by Charles LeDuc, Jr., against Jacob Schnepp to recover 80 crates of blueberries. Defendant waived return of property and demanded judgment for value. Judgment for defendant for value of berries replevined. Plaintiff brings error. Affirmed.

*John W. Shine,* for appellant.

North, J. Plaintiff brought suit in replevin in justice's court to recover from defendant 80 crates of blueberries. Upon appeal to the circuit court there was trial by a jury and verdict in favor of the

defendant for the value of the berries replevined. Plaintiff has presented to this court the following assignments of error:

1. That since plaintiff presented record evidence of title in those through whom he claims the right to take the berries from certain lands, the court should have held as a matter of law that title to these lands was in those from whom plaintiff received his rights, and it was error to submit this as a question of fact for determination by the jury.

2. That there was error in the charge to the jury.

3. That the verdict was contrary to the overwhelming weight of evidence.

4. That defendant did not establish ownership of the berries, and it was error to allow him to take judgment for the value thereof.

Plaintiff claims he had secured the so-called berry rights in approximately 36,000 acres of land in northern Michigan. The record discloses that blueberries grow abundantly in this locality, and that in season hundreds of berry pickers camp there for weeks and gather these berries which they sell to buyers and jobbers, who temporarily locate in that vicinity. The defendant was such a buyer. During the season of 1928 he bought between 3,000 and 4,000 crates. He had purchased these 80 crates here in suit at $2 per crate from pickers who had gathered them from lands in which plaintiff had the berry rights or from other lands in the same locality. The testimony shows that these berry pickers who sold to the defendant covered a territory which included hundreds of acres of berry producing lands in which plaintiff had no rights whatever. At the time and place these 80 crates were replevined from the defendant he had in his possession two truck loads of berries. Those replevined were taken from

one of the trucks only. There is no proof in this record from which it is possible to determine what portion, if any, of these two truck loads of berries came from the lands in which plaintiff claims to have the berry rights. At the close of the proofs this was called to the trial court's attention by the defendant's motion for a directed verdict on the following ground:

"Even if it be held that plaintiff was the lawful owner of the berry rights upon certain lands, there is no evidence in the record sufficient to go to the jury showing that the berries seized in this case were picked upon lands whereon said plaintiff had berry rights. For that reason plaintiff is not entitled to recover."

Defendant's motion for a directed verdict was denied. It should have been granted, because there was no evidence that the berries seized under the writ or any portion of the two truck loads of berries of which the 80 crates were a part were taken from plaintiff's lands. Since the defendant was entitled to a directed verdict, the plaintiff suffered no prejudice from those incidents of the trial upon which he has assigned error, with the possible exception of one about to be noted. By one of his assignments of error plaintiff has challenged defendant's right to recover a judgment for the value of the berries replevined. Defendant filed a waiver of return of the property and demanded judgment for its value. The court refused to give the following charge requested by the plaintiff:

"If you should find against the plaintiff, the defendant would not be entitled to a judgment for the value of the berries, because he has not shown that he owned any title to the berries."

This request was properly denied, because the defendant bought these berries of various pickers in the regular course of the local trade. Some of these pickers had been given permits by the plaintiff to gather berries upon his lands; and further, a large acreage in the locality was open as commons on which the public in general was allowed to gather berries. There is no testimony from which it is possible to ascertain what part, if any, of the 80 crates for which the defendant recovered were gathered by the pickers who were trespassing upon plaintiff's lands. As noted above, the defendant had paid the pickers who brought the berries to him $2 per crate in the regular course of trade. *Prima facie* he was a *bona fide* owner of this property, and therefore, in view of the jury's verdict, entitled to recover its value from the plaintiff by whom it had been wrongfully replevined. The judgment of the lower court is affirmed, but since the appellee did not file a brief in this court, no costs will be awarded.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.